which is the United States v. Michael St. Hubert. Good morning. May it please the court, Brenda Brinn with the Federal Defender's Office on behalf of Mr. St. Hubert. If the court were to decide this case today, I concede that OVALIS is controlling and Mr. St. Hubert would lose. It is presidential even though the mandate has been withheld. That is the easiest and narrowest way for the court to resolve this case. I understand that I have argued that OVALIS may be undercut by the Supreme Court's decision in DiMaia and in that circumstance the government has asked the court to decide the case on an alternative ground. That is that the government argues that Hobbs Act robbery is categorically a crime of violence and of course we have argued that it is not categorically a crime of violence. If the court reaches that question, it is when a first impression for this court. I thought we had already decided that in Ray Fleur. Your Honor, in Ray St. Fleur is an opinion issued in the second or successive motion setting and those decisions are not so far, this court has never held in Lambrix that they were binding. In Lambrix actually was an opinion in the second or successive setting and Lambrix could not hold anything beyond the facts and circumstances. I sure thought they were saying more. Let me read to you what the court said in Lambrix and there would seem to me to be no ambiguity. To be clear, our prior panel precedent rule applies with equal force as to prior panel decisions published in the context of applications to file second or successive petitions. In other words, published three judge orders issued under 2244B are binding precedent in our circuit. Moreover, we have repeatedly treated published decisions involving applications for permission to file a second or successive petition as binding precedent. It seems to me it is clear your argument has to be they said it, but they could rule no more than that which sort of matured procedurally in the posture of their case and since that was a second or successive case, they could say no more than they were bound in a second or successive case. That is my position. Let me ask this question of you accepting that. Why should we draw such a distinction, even assuming that was an open question for us to decide today? Why would we draw a different rule and say the prior panel precedent rule applies to subsequent petitions for 2244, but wouldn't apply on a direct appeal? Well, by statute, 2244 says that there is essentially no appellate review of, and I will call them SOS decisions, second or successive decisions. That cannot bind a case like this on direct appeal on de novo review. The prior panel precedent rule, integral to it, is appellate review. A three-judge panel cannot decide a case for all time. There has to be, unless and until it is reheard by the court en banc or by the Supreme Court, and by statute in an SOS context, Congress has said no, you don't have en banc and you don't have cert. Now that is quite problematic for a case like this on direct appeal for additional reasons. I will point the court to a decision, albeit unpublished by this court, which is United States v. Rosales Acosta, and in that case, the court said it may well be true, as Rosales Acosta argues, that in recent FLIR is not controllable, because it deals with an application for second and successive motions under 2255, but that misses the point of this case, because the statute of review here is . . . We've got unpublished opinions. Take a look at Campos, quote, under our prior precedent Hobsack robbery qualifies under the use of force clause of 924C, which was not invalidated by Johnson, citing in re FLIR. Your Honor, I concede there are many unpublished . . . I guess what . . . I don't . . . Is it fair to . . . Let me just . . . Help me with our law. Is it fair to say that our unpublished opinions are going in different directions on this question? I believe that there are some unpublished opinions questioning whether sent FLIR is binding precedent. All right, but I'm just citing there are a couple that squarely say in an unpublished form it is binding . . . I agree. . . . on a direct appeal. I agree. Now, are there others . . . Actually, there's not a case other than that one you talk about questioning it that doesn't follow it. All of them follow sent FLIR. All of the nonpublished opinions so far follow sent FLIR. You're right, and they have been unpublished besides Rosales Acosta, which did question it . . . Right. . . . for good reason. And in that case, the court came to its decision saying that, well, that's not a problem for us. Right, so they didn't actually have to resolve that question in that case. Right. The court did not. But this case, let me say, this case is . . . Right, so just to answer my question, I want to make sure I have the state of our law right. In unpublished opinions on direct appeal, we've said at least twice that we're bound by that prior precedent issued by a three-judge panel and a second or successive. And once we've said we don't think that that may be right, we question that issue, but we need not reach a holding on that matter because we can decide the case for other reasons. Would that be a fair statement of where we are? I just want to know where we are. There have certainly been several decisions in the SOS context by Judge Martin severely criticizing the concept that an SOS decision could have any binding force . . . Right. . . . outside the SOS context. And let me point out why in this case. In the SOS context, which is collateral review, the inquiry is quite limited as to whether there's been a prima facie showing. And the court, after Centler, actually, in Inouye Rogers, set forth the standard. The standard is only, is there on-point binding precedent? The court can't consider Descamp, Moncrief, Mathis intervening Supreme Court cases. And for a three-judge panel in the second or successive context to issue a decision in 30 days without briefing and forever foreclose defendants on direct appeal . . . Can you give me any circuit that has said, even though we've decided and published it in a SOS, I'll use your term, we're not following that in a direct appeal. Has any circuit said that? Your Honor, no other circuit except for ours has ever resolved the merits of an issue in an SOS opinion because, by law, the court is not supposed to . . . Well, I disagree with that, but I'm not going to debate that there. You can't cite another circuit that says we're not going to follow a published successive application. All right. You've answered the question. I wanted to go to jurisdiction. Please. If my colleagues have . . . Please. . . . that round. I'd like to go back to the threshold issue of jurisdiction because that appears to be an area in this case that has a lot of confusion and cases going both ways, it seems to me. United States v. Brown is 2014 and says you waive it if you plea. Then we've got Peter saying you don't waive it. We seem to have cases that are difficult to reconcile. I tried to reconcile them by saying is it an omission from the indictment or is it sweeped too broadly, all those things. Before I get to that, I want to make sure I understand what happens here and I want the government to listen to it because this is what's troubling to me about this case. There are admitted three or four Hobbs Act robberies here or attempted robberies. You've got all these counts in the indictment. The government agrees, let him plea to 924C, which was actually a really good plea deal here. He had two 924C counts. He didn't plea to any of the robberies. To plea to 924C, you have to admit the underlying robberies. Is that not correct? You have to admit they occurred. During a robbery. You don't have to admit it's a crime of violence, arguably. That's your position. I don't know if that's correct or not. You have to admit these other robberies occur, right? How many robberies was he charged with doing? There were several. There were 13 counts in the indictment. We're talking about six or seven robberies of fast foods, gasoline, whatever, racetrack. I get my cases. Is that this case? Of a store. The two counts here were of a store. I know, but how many robberies was he charged with committing? I believe there were six robberies, six 924C counts, and a felon in possession. Okay. He's a convicted felon. He's a felon in possession. The government comes in, okay, and you did a really good job. You got him to plea to 924C. Don't even raise this issue in the district court. Don't raise this issue in the district court. Is that correct? No. There was a motion to dismiss in the district court, Your Honor, on this exact basis. Okay. So they denied it. They denied it. Yes, it was preferred. But you signed an appeal waiver for the plea deal. You signed an appeal waiver, right? That was the plea that was offered to my client, and that was signed. But let me just point out something. So let me finish. I want to understand the factual predicate of what we're having here and whether we're going to decide the jurisdiction was waived. The motion to dismiss the indictment is denied, correctly? Yes. All right. And then you enter in a guilty plea, correct? Yes. To those two counts. And now on appeal, you challenge whether or not it's stated a crime. Yes. You're saying the two counts we just pled to, 924C, don't state a crime, correct? Correct. Okay. And if you pled to all the Hobbs Act robbery cases, I suggest one of them would have had a sentence as long as this sentence, and you wouldn't have this issue, correct, if you pled to one of the Hobbs Act robbery cases? No, because he got 32 years, and the maximum on a Hobbs Act is 20 years. Right, but he would have had a significant 240-month sentence on a Hobbs Act robbery, right? Irrespective, Your Honor. This was the plea that was negotiated. I understand. But this is where we are as to whether this should be jurisdictional or not, where you say it doesn't state an offense. You plea guilty. There was no conditional plea here, was there? Let me explain why, Your Honor. No, let me ask this question. Was there a conditional plea? The government refused to agree to it because the government said it was a jurisdictional error, and they could not get authorization to agree to the plea, and that we should appeal and raise the issue. Okay, but there wasn't a conditional plea here. There was no conditional plea here. Let me just say under Brown, which is very similar to this case, Brown says as long as it sets forth all the elements, one of the elements there's a statutory claim about or a constitutional claim about. That's what Brown says. We upheld the waiver there, correct? Are you familiar with Brown? I am, but let me say that this case is actually more like Peters, which is followed and approved in Brown. And in Peters, on the face of the indictment, it could be determined that the claim did not state an offense, because in the interim, the Supreme Court, Peters was a mail fraud case and there was a question about property, and the indictment in that case alleged that property were licenses, and the Supreme Court had just held that licenses are not property. So that was a case where you could tell from the face of the indictment that it did not state a federal offense. I thought Peters said the indictment swept too broadly. It went to other conduct that was not. No, the conduct that was specified was not an offense. And in this case, the court would have to reach the merits on both 924C3A and 3B and determine that we are correct on the merits, both because the residual clause is unconstitutional and a Hobbs Act robbery is not a crime of violence. But if the court goes there, you would still have the issue of whether it's a crime of violence under the elements clause, which would be a statutory interpretation issue, correct? Irrespective of that. Can you answer my question? Let's assume the residual clause is not in play. The Hobbs Act robbery could qualify under the elements clause potentially, correct? So the defect here in the indictment is a statutory interpretation as to whether the Hobbs Act robbery does or does not qualify as a crime. I'm just trying to understand what the legal issue is. That's true. Irrespective of whether it's a question of statutory interpretation, in Peters it was also a question of statutory interpretation, and for that reason the court was able to determine... And am I correct that four circuits have said Peter is wrongly decided and doesn't follow Supreme Court precedent in Cotton? I'm just curious. Peters is the law of their circuit and it has not been heard on that. Ma'am, I understand it's the law of the circuit. I know it's been criticized. My question is, have four circuits criticized Peter as being not following Cotton? I think you know the answer to that. I don't know if four circuits have. How many have? I don't know, Your Honor. Okay. I will say that Cotton is a different situation because Cotton is dealing with an omission in the indictment, and I believe that courts have distinguished the Cotton situation of an omission from the indictment. I found two, are you aware of these two non-published cases by our court in Hobbs Act robbery where we said our court applied our precedent and said they waived the crime of violence objecting by plea and guilty? I don't know which ones you're speaking about. The government has not. Have you seen non-published cases by our court that say they waived the Hobbs Act robbery? I have not seen that, Your Honor. Let me just say on the appellate waiver, under the precedent of this court, Bushert, which is cited in the briefs, an appellate waiver is not enforceable unless it is discussed with the defendant at the plea, and I urge you to look at the plea colloquy in this case and you will see that it was not mentioned by the district court judge, so it is not a valid appellate waiver for that reason. It cannot be a valid sentence waiver is what you're saying. Well, it's a sentencing appeal waiver in any event, and this argument goes to the conviction. Did the district court discuss it as a sentence appeal waiver? The court did not discuss it as any waiver. The court did not talk over it, and under Bushert, for that reason, it would not be enforceable here. I'm not relying on that. I'm looking more at the jurisdictional issue where the pleading guilty to this indictment allows you then to say, oh, the indictment doesn't state an offense. That's what the hard question is. And your position is that our case law compels the answer that it's jurisdictional? It does. Citing Peters, Salk, and cases like that. Yes, I do, Your Honor. Got it. You have reserved 5 minutes. You'll have your full rebuttal. Thank you. May it please the court, counsel. Good morning, Your Honors. Good morning, and let me ask you if you could begin where we left off with Ms. Bryn on the jurisdictional question. Yes, Your Honor, I'd be happy to. Why should a claim that the indictment did not charge a legitimate offense be jurisdictional? And does our law suggest that that is the way we have to review it? Well, Your Honor, I would actually like to point out that in this case, I don't think we have to even get to Peter. In this case, if you follow United States v. Brown, the appellant by pleading guilty admitted to all the elements of the charges and waived all alleged non-jurisdictional defects in the indictment. Well, but what Brown said is that a guilty plea, quote, waives all non-jurisdictional defects in proceedings against the defendant. Brown does not hold, nor could it hold, that a plea of guilty waives a jurisdictional defect. Isn't that right? That's correct, Your Honor. Okay, so if the defect is jurisdictional in nature, it doesn't matter what he said or what he did. This court is still obliged to go to the merits. Isn't that correct? That's correct, Your Honor. Okay, well, why isn't that what we have here? Because in this case, Your Honor. Based upon our case law. Brown doesn't answer the question, for me, if it's jurisdictional. Correct, Your Honor. In this case, we have to remember that we do have In re Fleurs and Oviatt v. United States. So we actually have two cases that affirmatively provide two different options about why there is no defect here. No, no, no. I don't want to confuse a merits determination with a jurisdictional question. The jurisdictional question asks only one thing. Does the court have the power to entertain the issue in the first place? It doesn't ask, if it does have the power, this is how it ought to be resolved. So what I'm going to is the threshold jurisdictional question. Is the issue here raised the claim that the indictment did not charge a legitimate crime based on the laws of the United States, a jurisdictional matter that cannot and therefore was not waived? Well, Your Honor, jurisdiction has been defined in this context under Cotton to be the district court's ability to hear a matter, whether it's to then It's the power to entertain the matter in the first place. Correct, and the district court in this case would have the power to entertain this indictment because it alleges offenses against the United States. And I would argue, I recognize that Peter is the case law in this. And so how do you read Peter? What does Peter teach us? Peter tells us that if... Maybe it was wrongly decided, maybe not, but it's on the books and I'm bound by it. What does it teach me? Peter argues, Peter holds basically that if the indictment reads such that no matter the amount of proof that the government puts forward, there could still be no crime, then in that case that would be considered jurisdictional. And it is true that multiple circuits have felt that Peter was incorrectly decided, but recognizing that... Why doesn't Peter, and I'll cite to you a second one, SAC, find me? Because in Peter I would note that there was an intervening Supreme Court decision that affirmatively held that, I believe it was, a certain item didn't constitute property in that case anymore. I would note in this case, even if Flora and Ovias didn't exist, there's no case law to suggest that on the face of the indictment we don't have a crime. And so what the appellant would want to do here is put the proverbial cart before the horse. We'd have to go into the indictment, investigate the crime to argue back and forth whether it was a crime or not. Let me put the question this way. We decided a case called SAC in 2011. 632 F3rd 1203. And in that case we said two things of note here. The first thing we said was a guilty plea does not waive a jurisdictional defect. You don't dispute that, do you? No, Your Honor. Okay. The second observation that was made there, I'm talking about in SAC, was that a defendant's claim that the indictment failed to charge a legitimate offense is jurisdictional. Is that not exactly what appellant is raising here? The claim that the indictment failed to charge a legitimate offense, that the 924C count was no good, it was defective, it was void, because it was tied to a Hobbs Act robbery that was not and could not be a crime of violence. And therefore, it failed to charge a legitimate offense. Thus, it's jurisdictional and not waivable. Isn't that what's being said? They are alleging that, yes. But why doesn't SAC tell me that I'm obliged to agree with them? Even though at least four circuits, by my count, have said, that's just plain wrong. All you're talking about is the failure to state a claim, and that's not the stuff of jurisdiction. That's the stuff of a merits determination of a statute. And you might be right. And those circuits might be right. But we've got case law out there that seems to me to say something that's very different. And I want to know how I get around that. If, by your lights, I have to, otherwise I go to the merits here. Well, in this case, Your Honor, I think what we have to remember is that there's nothing out there that says that the face of this indictment has a problem. So if any time a defendant alleges that there's a problem with the indictment, without any sort of... Not a problem. A certain kind of problem. Correct. A failure. The problem is not that there was surplus language or all. There are a lot of defects in an indictment. That's not what she's talking about. She's talking about a particular kind of defect in the indictment. That is to say, the indictment itself didn't charge a legitimate offense. That's jurisdictional, they say. Why isn't that kind of claim, based upon Peters and Sock, a jurisdictional matter that we are obliged to address? Because I think that without... Because I think in this case, you have to get past the face of the indictment and make these arguments in order to elect that. We have to take a sneak peek. We've got to take a peek at the merits. Correct. And I think that in this case, there's no... Like I said, in Peter, there was an intervening Supreme Court decision that made it clear that there was a problem on the face of the indictment. In this case, not only do we have cases that say the opposite, but even assuming that in re flir no vis don't exist, we don't have any case law or any intervening event to suggest that there is a problem there. So then you'd have to peel back the indictment, make these arguments to then go back and say, there is no jurisdictional defect. You have to rewind here and go back into the indictment in order to do that. Let me ask a different question. Assume for the purposes of my question that we were to conclude, based on our case law, we were bound to the notion that this is jurisdictional, it wasn't a waivable defect, therefore it had not been waived, and we go on to the next stage of the analysis. Is Ms. Bryn right about In re Lambricks? I believe that In re Lambricks, as this Court has noted, is binding precedent on us, Your Honor, and in fact this Court... She says, but it procedurally arises in a peculiar posture, and regardless of how broad the language was, and it's broad, it's necessarily grounded in the circumstances in which it arose, and that happened to be a collateral attack, second or successive petition issue, rather than a direct appeal, and that therefore it could do no more than hold in a collateral attack. One precedent is binding on the next issue arising procedurally in the same collateral attack. Thus, what they said could be read as no more than dicta. That's her argument. I don't agree with that, Your Honor. Why not? I believe that that decision is dispositive of the issue, and therefore the Court is providing... is putting in thorough reasoning into deciding what the issue should be, whether in this instance Hobbs Act robbery qualifies as a crime of violence under the Use of Force Clause, and in fact I would note that other circuits throughout the country have actually also cited In re Fleur as binding authority. I believe the Fifth Circuit, the Ninth Circuit... On a direct appeal. Yes, I believe so, Your Honor. As opposed to collaterally. Correct. It was U.S. v. Buck in the Fifth Circuit, Gooch in the Sixth Circuit, and England in the Seventh Circuit. They have all cited In re Fleur as binding authority and supporting their position. I think five circuits actually have followed In re Fleur. That may be correct as well. I believe Robinson as well. Hobbs Act robbery is a crime of violence. That's correct, Your Honor. But some of them do their own independent analysis. That is correct. Do you agree that whether this is a crime of violence or not is really just a matter of statutory interpretation because you have the Elements Clause, so you look at the Elements Clause? That's correct, Your Honor. Okay, so your theory would be it states an offense because it says you committed a crime of violence, has charged in so-and-so, and he pled guilty to that. So you say that states an offense. I just look back at Peter. The problem in the indictment in Peter was, as she talked about, the language of the indictment there goes to something that's a term that's not even in the statute, whereas here the crime of violence term is in the statute. So this indictment tracks the statute. We've just got an underlying issue as to whether or not the crime of violence they charge is truly a crime of violence. Correct, Your Honor. You're saying under the law at the time he pled it was a crime of violence. In fact, you say it's still a crime of violence, but we don't do that, whereas Peter had an intervening Supreme Court case that said it no longer states a crime because it sweeps too broadly. I found two cases subsequent to Peter, both one in the Hobbs Act robbery where we, in unpublished opinions, said you waive it, and one is U.S. v. Chandler because I had mentioned that to the public defender. U.S. v. Chandler was a recent case, 699F Appendix 863. Then I also found one even dealing with jurisdictional issues about the high seas and all of that, like SAC, where in a nonpublished case we said you waive it, and that's U.S. v. Aguilar, 196 Federal Appendix 837. We've got two cases, and one directly in point, in nonpublished where we said you waive it. Now, Judge Marcus is obviously correct. We've got to see whether Peter is distinguishable or not. I don't know right now. I know we have cases before Peter that say it's waivable. My question is whether Peter is consistent with precedent prior to Peter. I've got to study that. But in any event, can you help me with why, when you have seven robberies, you know this issue is out here on Hobbs Act robbery. If he pleads to two Hobbs Act robberies, which he has to admit, plead to the 924C, you've got to admit the two Hobbs Act robberies, and then you don't have this because under the guidelines you're going to get a 20-year sentence, I mean big-time sentence. Understood, Your Honor. I mean, because then we go on and on, and the case isn't over, and Lord knows when the Supreme Court will get the Hobbs Act robbery under the elements clause. They might get to the residual clause in Hobbs Act. I don't disagree with you, Your Honor. How did that happen in this case? Is this something the defendants rather plead to 924C because they have this issue, or why don't they just plead to the robbery? I'm just puzzled. Your Honor, I'd have to speculate since I wasn't the trial USA, but I would speculate that the reason was probably in order to limit what could have actually given the defendant a benefit, ironically, and to limit the sentence to the minman of 32 years, where my understanding is both parties agreed to that minman of 32 years as opposed to perhaps. Yeah, well, I think that sometimes the governments do it to give the defendant a benefit actually to a lesser sentence and the mandatory minimum, and then ironically this is what's happening. That's correct. Of course, if he had pled to the Hobbs Act robbery, that sentence could have been made to run concurrent with, whereas this had to go consecutive. Well, it would have had to have been consecutive to the 924C, but yes, it could have run concurrently to each other, the robbery. Yeah, but he still would have had a twofold. I looked at it. The criminal history category, he's a prior felon. I think his criminal history category, I don't have it right here, was not low. He would have had a 240-month sentence. Right. Under the Hobbs Act robbery, even if you ran them all concurrent, and I think they would have all run concurrent, but yes, gun, Hobbs Act robberies, and we're pleading to a gun charge with 10 issues. That's correct, Your Honor. And a sentence appeal waiver, is that correct? The district court didn't even mention the sentence appeal waiver? No, Your Honor, that's not correct. I mean, that's a problem. That was mentioned in Docket Entry 39 on page 5, and then it was also mentioned. You can mention it, but you've got to have a statement, or do you understand, and you're waiving your right to appeal, you've got to say something. It said on page 5, the court noted when you plead guilty, you give up the right to trial by jury, trial before a judge, right to appeal, so on, the defendant agrees to that, and then, allow me one moment, I believe there's another reference to the appeal waiver as well. On page 16 of Docket Entry 39, the court asked, did anyone force you to give up the right to appeal? Defendant responds, no, Your Honor. Okay, so this is at the plea colloquy, and tell me the pages again. It's Docket Entry 39, pages 5 and 16. And, Your Honors, if you have no further questions, I'd rest on our briefs in supplemental authority and ask that you affirm these. Thanks very much. Thank you. Your Honors, you can read the plea colloquy for yourself. It's only 17 pages, but the page that my opposing counsel cited, this was before the judge even knew there was a plea agreement, and his statement to the parties was when you plead guilty, you give up your right to fight the case. No trial, no appeal, no witnesses. Do you understand that? That's before he even looked at the plea agreement. He later asked, is there a plea agreement? Can I see it? And, of course, at the end of the case, he asked the defendant if he wished to appeal his sentence. And all the while in between, there is no mention at all directing him to the sentence appeal waiver and what it means or whether or not it would affect the argument that he had raised. Did he sign the plea agreement? Did the defendant sign the plea agreement? And is it an appeal of just the sentence or appeal of the conviction? The appeal waiver is only for the sentence. Let me just mention very closely the merits of this case because Your Honor did mention other courts. I am not aware of other courts in the country that have cited In re St. Fleur as even persuasive in a direct appeal, and you mentioned that there was independent analysis. And let me just discuss in this case, which I would urge you to do if you were to reach the issue, to resolve this case on the merits. St. Fleur, my position is, could only be persuasive authority. It's not persuasive for the reasons we have cited in the brief. But the reasons that there are three reasons that have not been discussed in any of the cases that were cited by the government as to why Hobbs Act robbery does not categorically qualify as a crime of violence. I understand that every court in the country. I have another case with St. Fleur and just straight-up direct appeal Hobbs Act robbery, and I found four other circuits. That's the only reason I know about it because we have so many of these cases. Right, Your Honor. I'm sorry, I'm not aware of those. But it is a question of first impression in this court if St. Fleur is not controlling precedent and only persuasive. And let me mention the reasons why. These are certainly reasons that were not considered in St. Fleur. First of all, the language. Is this a substantive Hobbs Act robbery he pled to as an underlying predicate or attempted, or both? This is a substantive. Okay. A substantive. Actually, I think Count 8 is substantive and Count 12 is attempted. Is that not correct? You may be correct. I'm sorry. And you have, in your briefs, have made no distinction between the substantive Hobbs Act robbery and the attempted Hobbs Act. I don't think there is a distinction, Your Honor. I think that the threshold issue is whether Hobbs Act robbery qualifies. If the court finds that it does, then there is an issue as to whether attempted Hobbs Act robbery You have not raised that. No, we have not. So it would be fair to say, and you would agree, that an attempt is a substantive crime. Yes, it is. Okay. And under the statute itself, it's a separate attempt or conspiracy or separate ways of violating 1951. There are three major reasons why Hobbs Act robbery does not categorically qualify. The first is the language of the statute itself. It says force or violence or fear of injury. If force meant violence, then Congress would not have said force or violence. There is a canon against surplusage. Every word has to have an independent meaning. Force cannot mean violence because both are used. Secondly, if there is any ambiguity as to whether force means violent force or not, then in that case the court needs to look at the legislative history of the Hobbs Act. And this is raised in our reply brief that many courts in the country have recognized that the Hobbs Act was modeled on New York robbery. And New York robbery is a minimal force robbery statute. There is a term in New York robbery or an element called forcible stealing. And as construed by New York case law, forcible stealing does not require violent force. And basically that was the rule at common law. So New York robbery is a common law modeled on the common law and the Hobbs Act was modeled on New York robbery. So it has imported into the Hobbs Act this body of law construing the word force to mean nonviolent force. And so that is one way of committing a Hobbs Act robbery. And we know these are means. This is an indivisible statute. I don't think the government disputes that it's divisible into extortion and robbery. But then each one of those crimes is not divisible after that. And what's interesting here, the indictment charges and for all of these. I know under the categorical approach we have to go to look at any possible way. And certainly when we're looking back at state crimes. But why when you've got a contemporaneous charge here, companion charge, and am I correct, this particular indictment says and, right? Yes. It says and between all of these, on all of these counts. Right. Okay. The statute. And I understand the categorical approach, you just look hypothetical case and look at it. But that's in a case where you have a federal court looking back at a state court statute, okay, that's got all kinds of across 50 states. Why would you not, when it's a contemporaneous companion indictment, not be able to consider that this indictment as to the underlying predicate charges and? I guess it's kind of a peak at the indictment. There has been some precedent saying you could make, even the Supreme Court said in Mathis, you could make a peak at the indictment to help you resolve it. Are you familiar with the Mathis concept? I am. I'm familiar with that. You know, I understand means versus element. I'm just trying to, why couldn't you peak at the contemporaneous indictment right here? You're taking the plea. The reason why, Your Honor? Mathis says you could take a peak at the indictment to really see what kind of burglary it is. I think you don't get to the peak under the categorical approach, which we have a precedent of the circuit, McGuire, which requires the court not to consider this is a contemporaneous crime or what the facts are alleged at all. McGuire says that the categorical approach applies both to the elements clause and the residual clause of 924C based on the language. And that's why that really doesn't matter that it's a contemporaneous crime or whatever was charged. If they change the language, you have to look at the elements. Even though they got the proffer right there. Even though. There's nothing, none of the, I guess, contingencies, none of the ambiguities are there because it's all right there before the court. No, it doesn't matter. She said it makes no difference whatsoever. It makes no difference whatsoever. And my third reason for why Hobbs Act robbery does not qualify, and I see I am over my time so I'll bring my comments to a close, and that is the fear of injury and right smack in the jury instruction approved by this court for Hobbs Act robbery. Fear of injury is defined as economic harm, harm to intangible rights like a stock, something that cannot occur through violent force. For that reason, in addition to the others or independently, and that's not hypothetical. That's in the jury instruction. That was recognized by this court. And for that reason, property includes intangible rights. Really, the government should have had him plead to the Hobbs Act robbery. That would have been a better deal, correct? Potentially, if he only got 20 years instead of 32. But the intent here was to allow him to appeal this pretrial argument, ruling a question of law, whether Hobbs Act robbery is a crime of violence, is a question of law. The court recognized in McGuire that it is a legal determination to be made pretrial, and that was the intent behind this plea, the way that it was. Why didn't you have a conditional appeal? The government would not agree to it. They said it's a jurisdictional error, so we'll fight out that on appeal. And that is my understanding. That's the back story. It's not in the record. I think we've got the case. We thank you both for your efforts. I ask you to vacate the defendant's case. Thank you. Thank you.